62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven J. LAUNER, Defendant-Appellant.
 No. 92-50069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994*
Memorandum Filed Jan. 10, 1995.
Memorandum Withdrawn July 28, 1995.
Decided July 28, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven J. Launer appeals the conviction imposed following his guilty plea to mailing child pornography in violation of 18 U.S.C. Sec. 2252. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 3
 We originally vacated Launer's sentence and remanded to allow Launer to plead anew or proceed to trial. We did so because we concluded that at the change of plea hearing the district court did not establish an adequate factual basis for Launer's guilty plea. On February 27, 1995, the government filed a petition for rehearing. In response to our request, Launer filed a response on May 1, 1995. We now affirm Launer's conviction.
 
 
 4
 On July 16, 1991, Launer was charged in a first superseding indictment with one count of mailing a videotape which depicted minor children engaged in sexually explicit conduct in violation of 18 U.S.C. Sec. 2252(a)(1).[1] The videotape that formed the basis of this count contained two separate segments. RT 11/19/91 at 15-16; PSR p 11. In the first segment, which was approximately forty minutes long, girls aged twelve to fourteen were depicted engaging in oral sex and vaginal intercourse with an adult male. RT 11/19/91 at 15-16; PSR p 11. The second segment, which was approximately nine and half minutes long, consisted of still photographs of the public area and naked genitalia of children between the ages of three and ten. RT 11/19/91 at 15-16; PSR p 11.
 
 
 5
 Title 18 U.S.C. Sec. 2252 provides, in relevant part:
 
 
 6
 (a) Any person who--
 
 
 7
 (1) knowingly transports or ships in interstate or foreign commerce by any means including computer or mails, any visual depiction, if--
 
 
 8
 (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
 
 
 9
 (B) such visual depiction is of such conduct;
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 shall be punished as provided by subsection (b) of this section.
 
 
 13
 Furthermore, 18 U.S.C. Sec. 2255 defines "sexually explicit conduct" as "actual or simulated" "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. Sec. 2255(2)(E).
 
 
 14
 The Supreme Court reversed our decision in United States v. X-Citement Video, 982 F.2d 1285 (9th Cir. 1992), in which we held that 18 U.S.C. Sec. 2252 was facially unconstitutional because it does not require knowledge of the minority of at least one of the performers as an element of the crime. United States v. X-Citement Video, 115 S. Ct. 464 (1994). The Court held that 18 U.S.C. Sec. 2252 includes a scienter requirement for age of minority. Id. at 472.
 
 
 15
 At Launer's change of plea hearing, the following colloquy occurred:
 
 
 16
 The Court: I'm going to want a factual basis for plea--that is, a statement from you as to what has occurred--so that I know that you know what you're pleading to.
 
 
 17
 With respect to Count 1, you're charged with the mailing of child pornography on or about June 24, 1991: mailing of a videotape which involved minors engaged in sexually explicit conduct. What happened here?
 
 
 18
 The Defendant: I mailed the tape. It had various people on there engaged in sexual activities.
 
 
 19
 At the time I mailed it, I didn't feel that, you know, it was minors; but since reviewing with [my attorney] and what the prosecution has, we determined that they were minors.
 
 
 20
 The Court: You know they were minors?
 
 The Defendant: (Nods head up and down.)
 
 21
 The Court: And that's why you're pleading?
 
 
 22
 The Defendant: Yes, sir.
 
 RT 11/19/91 at 12
 
 23
 We originally concluded that because Launer stated that at the time he mailed the tape that he did not know that the participants were minors, there was an insufficient factual basis for a plea of guilty to a violation of 18 U.S.C. Sec. 2255. See X-Citement Video, 115. S. Ct. at 472.
 
 
 24
 In its petition for rehearing, the government makes two arguments: (1) as a whole, the change of plea colloquy established an adequate factual basis for Launer's plea; and (2) notwithstanding the colloquy at the plea hearing, there was sufficient evidence on the record before entry of judgment to satisfy the requirements of Fed. R. Civ. P. 11(f).
 
 
 25
 The government contends that Launer conceded scienter in his colloquy and that the government's proffer of evidence, which Launer adopted as his own, established scienter. After reading the transcript of the change of plea hearing, we are still not convinced that Launer's statements during the change of plea hearing, or the prosecutor's statements during the same hearing, are sufficient to establish that at the time Launer mailed the video he knew that the participants of the video were minors.
 
 
 26
 We are persuaded by the government's second argument. The government points out that Fed. R. Crim. P. 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such an inquiry as shall satisfy if that there is a factual basis for the plea." The government also points out that the advisory committee notes found at the end of Fed. R. Crim. P. 11 state:
 
 
 27
 The court shall satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offence included therein to which the defendant has pleaded guilty.
 
 
 28
 Fed. R. Crim. P. 11, Advis. Comm. Note to 1966 Amend.
 
 
 29
 In Burton v. United States, 483 F.2d 1182, 1190 (9th Cir. 1973) (Choy, J., granting petition for rehearing), this court held that the district court's factual basis determination may be premised on information entered into the record after the change of plea hearing and not just at the plea hearing itself.
 
 
 30
 A review of the record demonstrates that Launer's statements as recounted in the presentence report established that Launer knew at the time he mailed the video that the persons depicted in the second video segment were minors. Specifically, Launer stated:
 
 
 31
 Some guy back East had sent several short segments in the Spring of 1990. All I did was put 'em on one tape. To me I thought all of them were of legal age at least 18. At the end of the tape was a video of a magazine. Those girls were between 7 and 12 is what I figured.
 
 
 32
 PSR p 28.
 
 
 33
 Because the presentence report was filed in the district court before the court entered judgment upon Launer's guilty plea, the court was permitted to examine it to establish a factual basis for Launer's plea. See Fed. R. Crim. P. 11(f); Burton, 483 F.2d at 1190. We hold that because the record established that the second video segment contained "sexually explicit conduct" as defined by 18 U.S.C. Sec. 2255(2)(E), and because Launer conceded in the presentence report that he knew the participants of the second video segment were between ages seven and twelve, the district court established before entering judgment a sufficient factual basis for Launer's plea of guilty to violating 18 U.S.C. Sec. 2252(a)(1). See Fed. R. Crim. P. 11(f); Burton, 483 F.2d at 1190.
 
 
 34
 Accordingly, we grant the government's petition for rehearing and affirm Launer's conviction.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Launer pleaded guilty and was convicted on four charges of causing obscene material to be mailed in violation of 18 U.S.C. Sec. 1461. Launer does not challenge these convictions in this appeal